# Exhibit 3

| | |
|---|---|
| Nathan Nicholas, Wyo. Bar #7-5078 | Matthew A. Colvin* |
| Travis W. Koch, Wyo. Bar # 7-5418 | Carl E. Bruce* |
| Koch Law, P.C. | FISH & RICHARDSON P.C. |
| P.O. Box 2660 | 1717 Main Street, Suite 5000 |
| Cheyenne, WY 82003 | Dallas, Texas 75201 |
| (307) 426-5010 | Telephone: (214) 747-5070 |
| (307) 426-4927 (fax) | colvin@fr.com |
| tkoch@kochlawpc.com | bruce@fr.com |
| nnicholas@kochlawpc.com | |
| | |
| Glenn D. Bellamy* | Ben Christoff* |
| Wood Herron & Evans, LLP | FISH & RICHARDSON P.C. |
| 600 Vine St., STE 2800 | 1000 Maine Avenue SW, Suite 1000 |
| Cincinnati, OH 45202 | Washington, DC 20024 |
| (513) 707-0243 | Telephone: (202) 783-5070 |
| gbellamy@whe-law.com | christoff@fr.com |

**ATTORNEYS FOR PLAINTIFFS**
*Pro Hac Vice*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas corporation,<br><br>    *Plaintiffs*,<br><br>v.<br><br>PEAK TACTICAL, LLC d/b/a PARTISAN TRIGGERS, a Wyoming limited liability company,<br><br>and<br><br>NICHOLAS NORTON, an individual,<br><br>    *Defendants*. | Case No. 2:26-cv-00018-KHR<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO PEAK TACTICAL, LLC d/b/a PARTISAN TRIGGERS AND NICHOLAS NORTON (NOS. 1 – 6)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and subject to the Court's Order granting Plaintiffs' Motion for Expedited Discovery, Plaintiffs ABC IP, LLC and Rare Breed Triggers, Inc. ("Plaintiffs") request that Defendants Peak Tactical, LLC d/b/a Partisan Triggers and Nicholas Norton ("Defendants") respond separately and fully, in writing and under oath, to each of the following interrogatories within (15) days of service, or within such other time as the Court may order.

In answering these Interrogatories, Defendants shall give full and complete answers based on their knowledge, as well as the knowledge of any agents, employees, investigators, attorneys, or other Persons who may have obtained information on their behalf. To the extent that any answer to any of these Interrogatories may at any time be incomplete or incorrect due to information acquired subsequent to the service of its initial response, service of supplemental answers reflecting the complete and correct information, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, shall be promptly provided.

The following definitions and instructions apply:

## **DEFINITIONS**

The following definitions shall apply throughout these requests, regardless of whether upper or lower case letters are used:

1. "This Action" or "this Litigation" means the above-captioned litigation, including all claims and counterclaims, if any, asserted therein.

2. "Defendants" or "You" means Peak Tactical, LLC d/b/a Partisan Triggers, Nicholas Norton, and any past or present officers, directors, managers, members, employees, agents, consultants, contractors, representatives, predecessors, successors, parents, subsidiaries, affiliates, or other persons acting or purporting to act on their behalf.

3. "Financial Interest" means any ownership interest, equity stake, membership interest, revenue share, profit share, royalty interest, right to indemnification, right to reimbursement, insurance coverage, or other direct or indirect economic interest.

4. "Rare Breed" means Plaintiff Rare Breed Triggers, Inc., including its officers, directors, employees, agents, and representatives.

5. "FRT" means Forced Reset Trigger.

6. "Rare Breed FRT" means any FRT product designed, manufactured, marketed, or sold by Rare Breed, including, without limitation, the FRT-15L3 and any prior or subsequent variants.

7. "The '223 Patent" means U.S. Patent No. 10,514,223.

8. "The '003 Patent" means U.S. Patent No. 11,724,003.

9. "The '336 Patent" means U.S. Patent No. 12,036,336.

10. "The '807 Patent" means U.S. Patent No. 12,274,807.

11. "Asserted Patents" means the '223 Patent, the '003 Patent, the '336 Patent, and/or the '807 Patent (collectively and individually).

12. "The '067 Patent" means U.S. Patent No. 9,146,067.

13. "Claim 19" means Claim 19 of the '067 Patent, as issued and as it exists at any relevant time.

14. "Partisan Disruptor" means any trigger product marketed, sold, offered for sale, distributed, licensed, or otherwise commercialized under that name or designation, including all versions, iterations, modifications, prototypes, design variants, or rebranded versions thereof.

15. "Partisan Triggers" means any trade name, brand, business designation, website, or commercial identity used in connection with the marketing, manufacture, distribution, or sale of the Partisan Disruptor.

16. "Communication" means any transmission or exchange of information from one Person to another, regardless of the medium of communication, and includes, without limitation, oral, electronic, and written communication.

17. "Date" means the precise day, month, and year, if known, or as precise a statement of the day, month, and year as is permitted by Your knowledge and the information available to You.

18. "Document" has the meaning prescribed by Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence. The term "Document" includes Documents in any form, including data stored electronically. Any draft of a Document that varies from any other draft of the Document and any comment or notation to any Document that is not part of the original text are to be considered separate Documents.

19. "Person" means any natural person, individual, firm, corporation, partnership, proprietorship, joint venture, unincorporated associations, government agency, and all other groups of persons, organizations, or entities of any type.

20. To "identify" a Document means to provide the date of preparation and, if different, the date of the Document itself, the identity of each author, the identity of each addressee and copy recipient, the format of the Document (e.g., hardcopy or electronic), the number of pages and the type of Document, and the present location and the identity of each Person who has possession, custody, or control of the Document, and the production number of such Document.

21. To "identify" a Person means to provide the Person's full name, present or last known residence address and telephone number, present or last known employer or other business affiliation, and the Person's present or last known employment address and telephone number.

22. The phrases "relate(s) to," "related to," "relating to," "concern(s)," or "concerning" mean embodying, identifying, confirming, containing, showing, constituting, reflecting, referring to, evidencing, discussing, or pertaining to in any way, directly or indirectly, or having any logical or factual connection with the subject matter in question.

23. The terms "and," "or," and "and/or" shall be construed in the conjunctive and the disjunctive to encompass the broadest category.

24. "Including" means including without limitation.

25. The singular shall be construed to include the plural and vice versa.

## INSTRUCTIONS

The following instructions apply to the interrogatories below and should be considered part of each interrogatory:

1. If you withhold information or decline to fully identify any person, document, or communication, or portion thereof, in response to any of the interrogatories set forth below on grounds of privilege or any other claim of immunity from discovery, then for each identification, document, communication, or portion thereof withheld, state the following: (a) the type of document (e.g., letter, memorandum, contract, etc.); (b) its title; (c) its date; (d) its subject matter; and (e) names and addresses of all persons to whom that information was disclosed.

2. In the event that you object to any interrogatory on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that interrogatory as narrowed to the least

extent necessary to render it not overbroad/unduly burdensome and state specifically the extent to which you have narrowed the interrogatory.

3. In the event that you object to any interrogatory on the ground that it is vague and/or ambiguous, identify the particular words, terms, or phrases that are asserted to make such request vague and/or ambiguous and specify the meaning attributed by you to such words, terms, or phrases for purposes of your response thereto.

4. These interrogatories are continuing and may require supplemental response and production. If any information responsive to any interrogatory is not presently known, identifiable or available, include a statement to that effect and provide modified or supplemental responses when known, identifiable, or available.

5. Each interrogatory shall be answered separately and fully in writing under oath as required by Fed. R. Civ. P. 33.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify and describe in detail any assessment, analysis, or testing performed by or on behalf of Defendants—including by Michael Stakes—of the Partisan Disruptor's relationship to Claim 19 of the '067 Patent, including: (a) all processes by which trigger travel distances were measured, including the instruments used, the fixtures or setups employed, the dates of measurement, and the identities of all persons involved; (b) the specific trigger travel distances measured in each operating mode of the Partisan Disruptor; (c) whether the same measurements were performed on the Rare Breed FRT-15L3 or any other Rare Breed FRT, and, if so, the results; and (d) identify all documents that record, memorialize, or relate to any such assessment, analysis, or testing.

**INTERROGATORY NO. 2:**

Identify and describe in detail any investigation, analysis, or evaluation Defendants or any person acting on their behalf undertook concerning the Asserted Patents before or during the design, manufacture, marketing, or sale of the Partisan Disruptor, including: (a) the date(s) of any such investigation; (b) the identity of each person who participated; (c) which patent(s) were analyzed; and (d) all non-privileged documents relating to the same. This interrogatory does not seek the disclosure of any privileged legal advice or attorney-client communication, but does seek the factual contours of any pre-suit awareness and investigation of the Asserted Patents.

**INTERROGATORY NO. 3:**

Describe in detail the business history and corporate structure of Peak Tactical, LLC, Dark Flame Innovations, LLC, QOX Consulting LLC, and any other entity that operates under, is affiliated with, or has a direct or indirect Financial Interest in the Partisan Triggers brand or the design, manufacture, marketing, distribution, sale, licensing, or monetization of the Partisan Disruptor, including for each such entity: (a) the date of formation and state of organization; (b) the identity of all current and former owners, members, managers, officers, directors, and partners, proceeding up the chain of ownership until every individual and corporation with a direct or indirect ownership or Financial Interest in the entity has been identified; (c) the purpose for which each entity was formed and its role in the design, manufacture, marketing, distribution, sale, licensing, or monetization of the Partisan Disruptor; (d) the relationship among the entities, including any parent-subsidiary, management, licensing, revenue-sharing, cost-sharing, joint venture, or indemnity arrangements; (e) the identity of any person or entity not named in this action that has a direct or indirect Financial Interest in the outcome of this litigation, including by reason

of insurance, franchise agreement, lease, profit-sharing agreement, indemnity agreement, equity interest, or any other arrangement, and the nature of that Financial Interest.

**INTERROGATORY NO. 4:**

Identify each insurance policy that Defendants contend may cover damages, defense costs, or any other liability arising from this litigation, including: (a) the identity of the insurer; (b) the policy number(s); (c) the effective dates; (d) the per-occurrence and aggregate coverage limits; (e) whether the policy covers willful patent infringement, enhanced damages, false advertising claims under the Lanham Act, and/or attorneys' fees awarded under 35 U.S.C. § 285; (f) whether any claims have been submitted under the policy in connection with this litigation or any related litigation, and the status of any such claims; (g) whether any coverage exclusions may apply to the claims asserted in this case; and (h) identify all documents constituting or relating to each such policy.

**INTERROGATORY NO. 5:**

Describe in detail the factual basis for Defendants' projected sales volume of the Partisan Disruptor as set forth in the Declaration of Ben Woods (ECF No. 27-4), including: (a) total units sold from product launch through the date of this response; (b) weekly and monthly unit sales for each month since launch; (c) the methodology and assumptions underlying the projections; and (d) any alternative or updated projections.

**INTERROGATORY NO. 6:**

Identify all sources of funds or assets available to Defendants to satisfy a judgment in this action. For each source identified, state the amount currently available and identify all documents relating to the same.

Dated: _____                                    Respectfully Submitted,

By: _____***PROPOSED***_____
Nathan Nicholas, Wyo. Bar #7-5078
Travis W. Koch, Wyo. Bar #7-5418
**KOCH LAW, P.C.**
P.O. Box 2660
Cheyenne, WY 82003
(307) 426-5010
(307) 426-4927
tkoch@kochlawpc.com
nnicholas@kochlawpc.com

Ben Christoff*
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070
christoff@fr.com

Matthew A. Colvin*
Carl Bruce*
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
colvin@fr.com
bruce@fr.com

Glenn D. Bellamy*
**WOOD HERRON & EVANS, LLP**
600 Vine St., STE 2800
Cincinnati, OH 45202
(513) 707-0243
gbellamy@whe-law.com

*\*Pro Hac Vice*

*Attorneys for Plaintiffs
Rare Breed Triggers and
ABC IP, LLC*

8