# Exhibit 4

Nathan Nicholas, Wyo. Bar #7-5078
Travis W. Koch, Wyo. Bar # 7-5418
Koch Law, P.C.
P.O. Box 2660
Cheyenne, WY 82003
(307) 426-5010
(307) 426-4927 (fax)
tkoch@kochlawpc.com
nnicholas@kochlawpc.com

Matthew A. Colvin*
Carl E. Bruce*
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
colvin@fr.com
bruce@fr.com

Glenn D. Bellamy*
Wood Herron & Evans, LLP
600 Vine St., STE 2800
Cincinnati, OH 45202
(513) 707-0243
gbellamy@whe-law.com

Ben Christoff*
FISH & RICHARDSON P.C.
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070
christoff@fr.com

**ATTORNEYS FOR PLAINTIFFS**
***Pro Hac Vice***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas corporation,<br><br>*Plaintiffs*,<br><br>v.<br><br>PEAK TACTICAL, LLC d/b/a PARTISAN TRIGGERS, a Wyoming limited liability company,<br><br>and<br><br>NICHOLAS NORTON, an individual,<br><br>*Defendants*. | Case No. 2:26-cv-00018-KHR<br><br>**JURY TRIAL DEMANDED** |

---

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PEAK TACTICAL, LLC d/b/a PARTISAN TRIGGERS AND NICHOLAS NORTON (NOS. 1 – 6)**

---

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, and subject to the Court's Order granting Plaintiffs' Motion for Expedited Discovery, Plaintiffs ABC IP, LLC and Rare Breed Triggers, Inc. (collectively, "Plaintiffs") request that Defendants Peak Tactical, LLC d/b/a Partisan Triggers and Nicholas Norton ("Defendants") produce the Documents and Things described below within fifteen (15) days of service, or within such time as the Court may order.

Production shall be made electronically in reasonably usable form at a mutually agreed location or by secure electronic transfer. These Requests seek Documents and Things within Defendants' possession, custody, or control.

The following Definitions and Instructions apply:

## DEFINITIONS

As used herein, unless specified otherwise, the terms listed below shall be defined as follows. Insofar as a term is not explicitly defined, the meaning to be used is the commonly accepted definition of the term in the context of the request with the understanding that each word, term, or phrase used in this set of Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. In this set of requests, the following terms are to be given their ascribed definitions:

1. "This Action" or "this Litigation" means the above-captioned litigation, including all claims and counterclaims, if any, asserted therein.

2. "Defendants" or "You" means Peak Tactical, LLC d/b/a Partisan Triggers, Nicholas Norton, and any past or present officers, directors, managers, members, employees, agents, consultants, contractors, representatives, predecessors, successors, parents, subsidiaries, affiliates, or other persons acting or purporting to act on their behalf.

3. "Rare Breed" means Plaintiff Rare Breed Triggers, Inc., including its officers, directors, employees, agents, and representatives.

4. "FRT" means Forced Reset Trigger.

5. "Rare Breed FRT" means any FRT product designed, manufactured, marketed, or sold by Rare Breed, including, without limitation, the FRT-15L3 and any prior or subsequent variants.

6. "The '223 Patent" means U.S. Patent No. 10,514,223.

7. "The '003 Patent" means U.S. Patent No. 11,724,003.

8. "The '336 Patent" means U.S. Patent No. 12,036,336.

9. "The '807 Patent" means U.S. Patent No. 12,274,807.

10. "Asserted Patents" means the '223 Patent, the '003 Patent, the '336 Patent, and/or the '807 Patent (collectively and individually).

11. "The '067 Patent" means U.S. Patent No. 9,146,067.

12. "Partisan Disruptor" means any trigger product marketed, sold, offered for sale, distributed, licensed, or otherwise commercialized under that name or designation, including all versions, iterations, modifications, prototypes, design variants, or rebranded versions thereof.

13. "Partisan Triggers" means any trade name, brand, business designation, website, or commercial identity used in connection with the marketing, manufacture, distribution, or sale of the Partisan Disruptor.

14. "TacCon 3MR" means the trigger product marketed, offered for sale, or sold under the name "TacCon 3MR," including all versions, iterations, modifications, design variants, prototypes, rebranded versions, and component parts thereof, and any trigger product derived from or based upon the TacCon 3MR design.

15. "Communication" or "Correspondence" means any transmission or exchange of information from one Person to another, regardless of the medium of communication, and includes, without limitation, oral, electronic, and written communication.

16. "Document" has the meaning prescribed by Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence. The term "Document" includes Documents in any form, including data stored electronically. Any draft of a Document that varies from any other draft of the Document and any comment or notation to any Document that is not part of the original text are to be considered separate Documents.

17. "Person" means any natural person, individual, firm, corporation, partnership, proprietorship, joint venture, unincorporated association, government agency, and all other groups of persons, organizations, or entities of any type.

18. "Produce" means to provide copies of Documents and Things in full, including all attachments and metadata, in reasonably usable form consistent with Fed. R. Civ. P. 34.

19. The phrases "relate(s) to," "related to," "relating to," "concern(s)," or "concerning" mean embodying, identifying, confirming, containing, showing, constituting, reflecting, referring to, evidencing, discussing, or pertaining to in any way, directly or indirectly, or having any logical or factual connection with the subject matter in question.

20. The terms "and," "or," and "and/or" shall be construed in the conjunctive and the disjunctive to encompass the broadest category.

21. "Including" means including without limitation.

22. The singular shall be construed to include the plural and vice versa.

## INSTRUCTIONS

1. You are to provide full and complete responses to the following Requests after conducting a thorough, diligent investigation into all information and materials within your possession, custody, or control.

2. If You decline to produce any Document or part thereof based on a claim of privilege or any other claim, provide the nature and basis for Your claim.

3. If no Documents or Things are responsive to a particular request, You are to state that no responsive Documents or Things exist.

4. If You object to any portion of a Request, produce all non-privileged Documents responsive to the portion not objected to.

5. Documents and Things shall be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in these Requests. Electronically stored information shall be produced in reasonably usable form consistent with Fed. R. Civ. P. 34.

6. The obligation to produce extends to Documents and Things within Your possession, custody, or control, including Documents and Things held by Your officers, employees, agents, consultants, affiliates, and other persons acting or purporting to act on Your behalf.

7. These requests are continuing and may require supplemental response and production. You are under a duty to supplement all responses to these requests to include information acquired after service of the responses, even if such responses were correct when first provided.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

All Documents relating to, referring to, or constituting any prior art analysis of the Asserted Patents, including but not limited to: (a) the claim charts referenced in Mr. Nixon's declaration as Exhibits 11 through 14 (ECF No. 27-2 at ¶¶ 75–79); (b) any additional claim charts, invalidity contentions, or prior art analyses prepared by or on behalf of Defendants; (c) documents relating to the TacCon 3MR trigger's technical specifications and its relationship to the '067 Patent; and (d) any documents relating to or constituting the prosecution history of the '067 Patent that were reviewed, relied upon, or referenced by Defendants or their experts in connection with this litigation.

**DOCUMENT REQUEST NO. 2:**

All Documents relating to or referring to the design and engineering of the Partisan Disruptor trigger, including but not limited to: (a) all versions of computer-aided design (CAD) files for the Partisan Disruptor and its component parts; (b) engineering drawings, specifications, and schematics; (c) records of trigger travel measurements, including those created by Michael Stakes and referenced in his declaration (ECF No. 27-3) and testimony in this Action; and (d) any comparison, analysis, or testing of the Partisan Disruptor against the Rare Breed FRT-15L3, any other Rare Breed FRT, any claim of the Asserted Patents, or the '067 Patent.

**DOCUMENT REQUEST NO. 3:**

All Documents sufficient to show Defendants' ability to satisfy a damages judgment in this case, including: (a) complete copies of all litigation and/or patent insurance policies referenced in Mr. Woods's declaration (ECF No. 27-4) and testimony in this Action, including all endorsements, riders, exclusions, and amendments; (b) correspondence with any insurer concerning coverage for claims asserted in this litigation; (c) financial statements (audited or unaudited), balance sheets,

income statements, and tax returns for Peak Tactical, LLC, Dark Flame Innovations, LLC, QOX Consulting LLC, and any affiliated entity for the years 2024, 2025, and 2026 to date; and (d) documents reflecting the current assets, liabilities, and cash positions of each entity.

**DOCUMENT REQUEST NO. 4:**

All Documents sufficient to show Defendants' projected sales volume of the Partisan Disruptor, as set forth in the Declaration of Ben Woods (ECF No. 27-4), including: (a) internal sales forecasts, projections, and business plans; and (b) production schedules and manufacturing capacity analyses.

**DOCUMENT REQUEST NO. 5:**

All Documents relating to or referring to any indemnification agreement, offer of indemnification, hold-harmless agreement, or similar undertaking that Defendants have made to existing or prospective dealers, distributors, customers, or purchasers of the Partisan Disruptor, including but not limited to indemnification for intellectual property claims.

**DOCUMENT REQUEST NO. 6:**

All Documents sufficient to show Defendants' pricing strategy for the Partisan Disruptor, including but not limited to: (a) any analysis, discussion, or consideration of Rare Breed's pricing, market position, or competitive standing in connection with setting the Partisan Disruptor's price; (b) documents reflecting or analyzing the decision to set the Partisan Disruptor's wholesale or retail price at any level, including any cost analyses, margin calculations, or pricing models; (d) any market share analyses, market sizing estimates, or competitive landscape assessments relating to the FRT market.

Dated: ________

Respectfully Submitted,

By: ***PROPOSED***

Nathan Nicholas, Wyo. Bar #7-5078
Travis W. Koch, Wyo. Bar #7-5418
**KOCH LAW, P.C.**
P.O. Box 2660
Cheyenne, WY 82003
(307) 426-5010
(307) 426-4927
tkoch@kochlawpc.com
nnicholas@kochlawpc.com

Ben Christoff*
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070
christoff@fr.com

Matthew A. Colvin*
Carl Bruce*
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
colvin@fr.com
bruce@fr.com

Glenn D. Bellamy*
**WOOD HERRON & EVANS, LLP**
600 Vine St., STE 2800
Cincinnati, OH 45202
(513) 707-0243
gbellamy@whe-law.com

***Pro Hac Vice***

***Attorneys for Plaintiffs***
***Rare Breed Triggers and***
***ABC IP, LLC***