Jeffrey S. Pope (Wyo. State Bar #7-4859)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Phone: 307.778.4200
jspope@hollandhart.com

Andrew Orr (Wyo. State Bar #7-6235)
HOLLAND & HART LLP
P.O. Box 68
Jackson, WY 83001
Phone: 307.739.9741
acorr@hollandhart.com

Timothy Getzoff (admitted *pro hac vice*)
J. Randy Roeser (admitted *pro hac vice*)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302
Phone: 303.473.2700
tgetzoff@hollandhart.com
jrroeser@hollandhart.com

Paul Swanson (admitted *pro hac vice*)
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Phone: 303.295.8000
pdswanson@hollandhart.com

ATTORNEYS FOR DEFENDANTS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas Corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>PEAK TACTICAL, LLC, d/b/a PARTISAN TRIGGERS, a Wyoming limited liability company, and NICHOLAS NORTON, an individual,<br><br>    Defendants. | Civil Action No. 2:26-cv-00018-KHR |

**DEFENDANT'S OPPOSITION TO PLAINTIFF RARE BREED TRIGGERS, INC.'S MOTION TO DISMISS DEFENDANT'S FIRST COUNTERCLAIM**

Defendant Peak Tactical, LLC ("Peak") respectfully submits this Opposition to Plaintiff Rare Breed Triggers, Inc.'s ("Rare Breed") Motion to Dismiss Defendant's First Counterclaim. (ECF Nos. 59, 60) ("the Motion").

## I.    INTRODUCTION

Rare Breed's Motion is not a challenge to the pleadings under Rule 12(b)(6); it seeks a decision on the merits as to factual issues, based on documents outside the pleadings that were never produced and that raise factual issues on their face. Rare Breed does not challenge the sufficiency of Peak's First Counterclaim, which pleads a straightforward claim of patent infringement, that is, Peak owns U.S. Patent No. 9,146,067 ("the '067 Patent") and Rare Breed's accused trigger products infringe at least claim 19. Instead, Rare Breed submits newly-created, previously-undisclosed documents to the Court, asks the Court to make factual determinations based on Rare Breed's interpretation of these documents, and requests the Court dismiss the counterclaim *with prejudice.*  The procedural dissonance in Rare Breed's Motion evokes a *pro se* filing.

To be clear, the documents Rare Breed attached to its Motion—an Arizona state court divorce decree, a private "quiet-title" assignment purportedly between Michael Stakes's ex-wife and ABC IP, LLC, and a purported license addendum—are not alleged, quoted, or incorporated in Peak's counterclaim. They are not "central" to Peak's infringement allegations. And they are offered for the truth of disputed propositions (co-ownership, chain of title, licensing, and consent) that cannot be resolved on a Rule 12(b)(6) or Rule 12(b)(7) record.

The lengths to which Rare Breed will go to try and avoid liability for infringing the '067 Patent is striking. Peak has alleged that Rare Breed *twice* tried to buy the '067 Patent from its inventor, Michael Stakes, and was refused both times. Having failed to acquire the patent through legitimate means, Rare Breed now alleges ownership through the back door: by enlisting Stakes's

1

ex-wife, a state divorce proceeding, and a set of hastily assembled documents to rewrite the patent's ownership history. Peak denies Rare Breed has any interest in the '067 Patent, making Rare Breed's gambit precisely the kind of fact-bound, contested ownership dispute that requires discovery—not dismissal on the pleadings.

The timing of Rare Breed's maneuvers is also noteworthy. Testifying under oath on February 4, 2026, Rare Breed's principal denied any effort to acquire an interest in the '067 Patent, Feb. 4, 2026 Tr. 25:22-24, and then conceded one recent attempt to do so, *id.* at 26:5-10. Yet the company now claims to have *had an interest all along* by virtue of a January 15, 2026, assignment. And yet its own USPTO cover sheet reflects submission on April 14, 2026, the same day Rare Breed filed its Motion. And the "Third Addendum," which Rare Breed relies upon to claim an express license, was not executed until April 11, 2026, just days before the Motion. Even if these documents were a proper basis for a 12(b)(6) motion (they're not), these timing disparities cannot be resolved on the pleadings, before any discovery has occurred. At minimum, Peak is entitled to discovery in the normal course on the chain of title, the legal effect (if any) of the divorce decree on patent ownership, the validity and scope of the asserted assignment and license, and any Rule 19/§ 262 joinder implications. Rare Breed's Motion—built wholly on extraneous evidence and disputed factual premises—should be denied.

## II.    BACKGROUND

On March 24, 2026, Peak filed its Answer and Counterclaims. (ECF No. 52.) In Count I, Peak asserts a claim for infringement of the '067 Patent against Rare Breed. (*Id*. ¶¶ 33–46.) Peak alleges that it owns "all right, title, and interest" in the '067 Patent, including the right to sue for past, present, and future infringement. (*Id.* ¶ 35; ¶¶ 18–19 (chain of ownership allegations).)

Peak's counterclaim alleges that Rare Breed is making, using, selling, offering for sale, and/or importing into the United States aftermarket AR-pattern trigger products—including at least the FRT-15L3 and FRT-15L3 (FLAT)—without license or authorization from Peak. (*Id.* ¶¶ 37–41.) Peak alleges these accused Rare Breed products practice at least claim 19 of the '067 Patent, and Peak provides an element-by-element infringement contention chart as Exhibit A to its counterclaims. (*Id.* ¶ 38; ECF No. 52-1.) Peak seeks damages, enhanced damages for willfulness, injunctive relief, and attorneys' fees. (ECF No. 52 ¶¶ 42–46.)

Peak also alleges why Rare Breed is attempting to avoid adjudication on the merits. Specifically, Rare Breed twice attempted to purchase the '067 Patent from the inventor, Michael Stakes, and was refused both times. (*Id.* ¶ 17.)  Rare Breed's extraordinary efforts to acquire the '067 Patent is an implicit admission of its infringement, yet Rare Breed continues to market and sell the accused products. (*Id.* ¶ 42.)

## III.    LEGAL STANDARD

"The court's function on a Fed. R. Civ. P. 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether *the plaintiff's complaint alone* is legally sufficient to state a claim for which relief may be granted." *Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993) (emphasis in original) ("In determining whether a plaintiff has stated a claim, the district court may not look to the [third-party] report, or any other pleading outside the complaint itself, to refute facts specifically pled by a plaintiff, or to resolve factual disputes."). "[A] court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss," unless it is "referred to in the complaint," and "[is] central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007); *see also Waller v. City & Cty. of Denver*, 932 F.3d 1277,

1282 (10th Cir. 2019) ("The reports are not referred to in either the original or the first amended complaint, and thus we are not persuaded that this exception would have permitted the district court to consider them in evaluating Mr. Waller's Rule 12(b)(6) motion to dismiss."); *Jurinsky v. Arapahoe Cty. Dep't of Human Servs*., Civil Action No. 22-cv-02201, 2023 LX 84156, at \*5 (D. Colo. 2023) ("Although the Tenth Circuit has recognized a "limited exception" to this rule, which allows courts to consider documents referred to in the complaint that are central to the plaintiff's claim and whose authenticity is not disputed, [], that exception does not apply to any of the documents referenced by the parties here because none of them are referred to in the complaint.").

## IV.    ARGUMENT

Rare Breed does not argue that Peak's infringement allegations are insufficient in any way under applicable pleading standards. Instead, Rare Breed asks the Court to dispose of Count I based entirely on materials outside of the pleadings that Rare Breed attaches to its Motion— materials that do not appear in, are not quoted by, and are not incorporated into Peak's counterclaim. (*See generally* ECF Nos. 59–60; *cf.* ECF No. 52 ¶¶ 33–46.) Rare Breed's dismissal theory thus depends on transforming Peak's infringement claim into a fact-intensive ownership and joinder dispute. That is not permitted on a Rule 12(b)(6) motion. Even if the Court applied Rule 12(d) to Rare Breed's Motion, it still should deny the Motion under Rule 56(d) because the parties dispute genuine issues of material fact and no discovery has taken place.

### A.    The Divorce Decree and Assignment Are Extraneous Materials That Cannot Be Considered on a Rule 12(b)(6) Motion to Dismiss.

Rare Breed's Motion engages in a factual detour far afield of the allegations it purports to address. Rare Breed asserts that the '067 Patent was "formed during" nonparties Michael and Emily Stakes's marriage and that a foreign court's divorce decree either awarded Emily Stakes half the profits from patents or half of the patents themselves. (ECF No. 60-1 at 19; *see also id.* at

4

20.) Rare Breed then relies on two supposed contracts not raised or implicated by the counterclaim: a purported assignment from Emily Stakes to ABC IP, Inc. (ECF No. 60-2 at 4–8 (assignment agreement)) and a purported "Third Addendum" to an "Exclusive Patent License Agreement" that claims to add the '067 Patent as a "Licensed Patent." (ECF No. 60-3 at 4.) On that basis, Rare Breed contends Peak cannot pursue Count I without ABC's participation and, independently, that Rare Breed's accused conduct is "authorized" by a co-owner license. (ECF No. 60.)

The timing of Rare Breed's proffered ownership and license documents confirms that its Motion is not a proper Rule 12(b)(6) challenge to Peak's counterclaim. Rare Breed testified to this Court on February 4, 2026, that it had never attempted to acquire an interest in the '067 Patent. Yet Rare Breed now presents contradictory, outside-the-pleadings records purporting to reflect the opposite: that Rare Breed obtained an ownership interest either as of January 2026 or April 2026. It asks the Court to dismiss Peak's properly pleaded infringement claim—*with prejudice*—based on this extraneous, inconsistent record that (i) sits outside the counterclaim's four corners, (ii) is offered to establish disputed propositions about patent ownership and licensing, and (iii) necessarily raises fact questions that can be tested only through discovery. (*See* ECF Nos. 59–60; ECF No. 52 ¶¶ 33–46.)

"Typically, when deciding motions to dismiss, the district court cannot look beyond the four corners of the complaint." *Fuqua v. Santa Fe Cnty. Sheriff's Off.*, 157 F.4th 1288, 1298 (10th Cir. 2025); *Cuervo v. Sorenson*, 112 F.4th 1307, 1312 (10th Cir. 2024); *Morrow v. Xanterra Parks & Resorts*, 2012 U.S. Dist. LEXIS 205289, at *6 (D. Wyo. 2012). Although "this rule has a few exceptions," *Fuqua*, 157 F.4th at 1298, they apply narrowly to "documents that a plaintiff (1) attaches to [his] complaint; (2) incorporates by reference in [his] complaint; or (3) refers to in his complaint and that are central to [his] complaint and indisputably authentic." *Id.* (citing *Cuervo*,

112 F.4th at 1312); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997). Rare Breed does not even try to argue that its exhibits fall within any of these exceptions, and they don't.

Rare Breed also cannot salvage its Motion by invoking judicial notice[1] to obtain what it is really seeking: merits determinations about disputed ownership, chain-of-title, licensing, and joinder consequences. The recording of an assignment of a patent with the U.S. Patent & Trademark Office is not a determination as to the validity of the assignment. 37 C.F.R. § 3.54; *Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, n.3 (Fed. Cir. 1996) ("the mere fact that an assignment was recorded in the PTO does not, without more, prove that a valid assignment actually took place"). "When a court takes judicial notice of documents, it may do so only to 'show their contents, not to prove the truth of the matters asserted therein.'" *Irizarry v. City & Cnty. of Denver*, 661 F. Supp. 3d 1073, 1084 (D. Colo. 2023); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). And the Tenth Circuit has emphasized that judicial notice is limited to facts "not subject to reasonable dispute." *Fuqua*, 157 F.4th at 1299 (*quoting* Fed. R. Evid. 201(b)).

In *Atleisure, LLC v. Sunvilla Corp.*, the court refused to consider a patent assignment agreement attached to a motion to dismiss even though the defendant argued it demonstrated co-ownership requiring joinder of an absent party. 2021 U.S. Dist. LEXIS 114569, at *7–9 (N.D. Ga. May 5, 2021). The court held that the assignment document was "not central to the Plaintiff's

---

[1] "Judicial notice allows the court to accept a matter as proved without requiring the party to offer evidence of it." *Fuqua*, 157 F.4th at 1298–99. "[T]aking judicial notice preclude[s] a party from introducing contrary evidence and, in effect, direct[s] a verdict against him as to the fact noticed." *Id.* at 1298 (citation omitted). Fed. R. Evid. 201(b) "allows courts to judicially notice two types of facts: those that (1) are generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* "These kinds of facts are judicially noticeable because they are not subject to reasonable dispute." *Id.* (citation omitted).

claim" and was "neither referred to in the Plaintiff's Complaint nor concern[ed] the merits of the Plaintiff's infringement claims." *Id.* at *8–9. Critically, the court further held that "determination of patent ownership is a key threshold issue that *requires robust fact development* before evaluating the merits of an infringement claim," making dismissal at the pleading stage inappropriate. *Id.* at *9–10 (citing *AntennaSys, Inc. v. AQYR Techs., Inc.*, 976 F.3d 1374, 1377 (Fed. Cir. 2020)) (emphasis added). The court denied the motion to dismiss and directed that the ownership question be addressed at the summary judgment stage—after discovery. *Id.* at *10.

The same problem is present here: Rare Breed's Motion asks the Court to accept its exhibits as dispositive on contested questions and to "dismiss with prejudice" on a pleading record. But at this stage, the Court does not "weigh potential evidence that the parties might present at trial"; it assesses only "whether the plaintiff's complaint alone is legally sufficient to state a claim." *Swoboda*, 992 F.2d at 290; *Reed v. Dunham*, 893 F.2d 285, 287 n.2 (10th Cir. 1990). Rare Breed's invitation to adjudicate these issues through extra-pleading exhibits and judicial notice is therefore improper at the Rule 12 stage and should be rejected.

Indeed, this District has discouraged the very tactic Rare Breed seeks to employ here. In particular, Judge Johnson's Appendix B Memorandum and Order[2] expressly addresses, and condemns, parties disguising their motions for summary judgment as motions to dismiss. The Order directs that parties shall "not designate a motion as one to dismiss an action under Rule 12(b)(6) when it is in essence a motion for summary judgment." (Appendix B at 2.) It further makes clear that "[t]he Court intends never to allow any party to gain an advantage by filing a Rule 12(b)(6) motion that refers to matters outside the pleadings (whether by attaching affidavits or

---

[2] Memorandum And Order Regarding Discovery Motions And Dispositive Motions, Including Motions For Summary Judgment And Analogous Motions To Dismiss In Civil Cases.

through some other mechanism) in the hope that it will be treated as a motion for summary judgment." (*Id*. at 3.) The Order further states that, as "a practical matter, the Court may simply deny a Rule 12(b)(6) motion to dismiss when the motion relies on facts and matters asserted outside the pleadings." (*Id.*)

### B.    If the Court Considers the Extraneous Materials, Peak Is Entitled to Discovery.

If the Court does not exclude Rare Breed's unpleaded exhibits, then the Court should allow full discovery to proceed on the numerous factual disputes raised by those documents. *Spring Water, LLC v. Big-D Constr. Corp.*, No. 07-CV-204-D, 2007 U.S. Dist. LEXIS 105834, at *3-4 (D. Wyo. 2007) (after finding the additional materials attached to the motion to dismiss briefing were outside scope of the pleadings and converting the motion into a summary judgment motion, the court finding "that summary judgment is premature indeed. Accordingly, the Court will continue its consideration of Defendant's motion until the date marking the close of discovery, which will be determined by the Magistrate at the initial pretrial conference."). The exhibits inject fact-intensive disputes that cannot be resolved without discovery. Rare Breed's theory turns on a disputed interpretation and effect of an ambiguous Arizona dissolution decree that presumably is governed by Arizona state family law (ECF No. 60-1 at 19–20),[3] a purported assignment by a nonparty that has been redacted as to an essential element (i.e., the consideration) of the purported agreement (ECF No. 60-2), and a purported license addendum (ECF No. 60-3), and it seeks dispositive outcomes on co-ownership, chain-of-title, licensing scope, and joinder based solely on Rare Breed's allegations and these new-found or newly-created documents. Peak's counterclaim

---

[3] Notably, a divorce decree in Arizona "shall specifically describe" the affected property, which the decree here does not do, and an Arizona family court can reopen the decree if necessary to address such property. *See Rinegar v. Rinegar*, 290 P.3d 1208, 1211 (Ariz. App. 2012) (quoting A.R.S. § 25-318(F)).

alleges a different chain of title for the '067 Patent (ECF No. 52 ¶¶ 18–19, 35), and the documents Rare Breed offers raise questions that would require the Court to consider outside materials at the pleading stage, weigh that evidence, and make factual findings, all of which is incompatible with both Rule 12(b)(6) and Rule 56.

Notably, the Arizona decree does not identify the '067 Patent at all; it addresses "Patents" in general terms and contains language that itself raises disputes about what interest (title vs. economic entitlement) was adjudicated and awarded. (ECF No. 60-1 at 20) ("Father agrees that Mother should be awarded 50% of the net profits that applies to the patents formed during the marriage.").  Peak's counterclaim separately pleads a chain of title through assignments to and from entities (including Tac-Con Distribution, LLC and Dark Flame Innovations, LLC) and a merger into Peak. (ECF No. 52 ¶¶ 18–19, 35.) On Peak's pleaded chain, whether a divorce decree between former spouses could (as a practical and legal matter) adjudicate ownership interests in a patent allegedly held by an LLC—rather than by a party to the divorce—presents fact and law questions that cannot be answered without discovery into the timing, ownership, and transfers in the chain of title and how (if at all) the decree purports to reach them. (*Compare* ECF No. 52 ¶¶ 18–19, 35 *with* ECF No. 60-1 at 19–20.) Those questions necessarily implicate analysis into Arizona family law (including the scope and effect of the decree) and fact development concerning the patent's ownership at the relevant times.

The assignment Rare Breed relies upon raises additional disputed factual issues that demand discovery. The USPTO cover sheet attached by Rare Breed identifies the "Receiving Party" as "ABC IP, Inc." (ECF No. 60-2 at 2), while the assignment agreement's introductory paragraph identifies the assignee as "ABC IP, LLC," and the signature block again identifies the assignee as "ABC IP, Inc." (ECF No. 60-2 at 4, 8.) Whether the asserted assignment is valid, who

the actual assignee is, what interest (if any) was transferred, and what interest the assignor had authority to convey are all fact-bound questions. The agreement also purports to "quiet title" and impose a "constructive trust" (ECF No. 60-2 at 5), underscoring that Rare Breed's "license defense" rests on contested ownership propositions, not an undisputed public record suitable for summary adjudication before discovery.

The purported license addendum raises still more disputes. It is executed April 11, 2026 (ECF No. 60-3 at 4) but purports to add the '067 Patent to "Licensed Patents" "commencing January 15, 2026," and states it is "made an [sic] effective as of the dates recited below to memorialize a prior verbal agreement." (*Id*.) Whether any "prior verbal agreement" existed, what its terms were, whether it covered the '067 Patent or accused conduct, and what scope and legal effect (if any) the April 11 addendum can have as against Peak's pleaded ownership and enforcement rights are inherently fact-specific inquiries to be explored during discovery and resolved by the ultimate fact-finder. The same is true of Rare Breed's joinder theory: it necessarily turns on disputed facts injected by Rare Breed's exhibits, and cannot be resolved on the pleadings.

For these reasons, even if the Court converts the motion, Rare Breed has not shown an undisputed issue of material fact. "Unquestionably, summary judgment is not appropriate before the opposing party has had a reasonable opportunity to file a response that demonstrates a dispute of material fact." *CCC'S Ctr. St. LLC v. Ibi Grp.*, 2022 U.S. Dist. LEXIS 241928, at *6–7 (D. Wyo. 2022). After discovery, Rare Breed may renew its Motion if the facts show no material dispute.

## V.     CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Rare Breed's Motion.

Dated: April 27, 2026.

/s/ *Timothy P. Getzoff*
Andrew C. Orr (Wyo. State Bar #7-6235)
HOLLAND & HART LLP
P.O. Box 68
Jackson, WY 83001
Phone: 307.739.9741
acorr@hollandhart.com

Jeffrey S. Pope (Wyo. State Bar #7-4859)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Phone:  307.778.4200
jspope@hollandhart.com

Paul D. Swanson (pro hac vice)
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Phone: 303.295.8000
pdswanson@hollandhart.com

Timothy P. Getzoff (pro hac vice)
J. Randy Roeser (pro hac vice)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302
Phone: 303.473.2700
tgetzoff@hollandhart.com
jrroeser@hollandhart.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2026, a copy of the foregoing was filed electronically using the CM/ECF system, which will send notification of such filing to counsel of record.

*/s/ Timothy P. Getzoff*
Timothy P. Getzoff

37653276_v5